UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SELWYN KARP, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>FIRST CONNECTICUT BANCORP, INC., JOHN J. PATRICK, JR., RONALD A. BUCCHI, JOHN A. GREEN, JAMES T. HEALEY JR., PATIENCE P. MCDOWELL, KEVIN S. RAY, and MICHAEL A. ZIEBKA,<br><br>    Defendants. | Case No.: 1:18-cv-02496-RDB<br><br>Hon. Richard D. Bennett |
| CONSTANCE LAGACE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>FIRST CONNECTICUT BANCORP, INC., JOHN J. PATRICK, JR., RONALD A. BUCCHI, JOHN A. GREEN, JAMES T. HEALEY JR., PATIENCE P. MCDOWELL, KEVIN S. RAY, and MICHAEL A. ZIEBKA,<br><br>    Defendants. | Case No.: 1:18-cv-02541-RDB<br><br>Hon. Richard D. Bennett |

**[PROPOSED] ORDER GRANTING MOTION BY SELWYN KARP
FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF,
<u>AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL</u>**

Having considered Selwyn Karp's ("Karp")Motion for Consolidation, pursuant to Fed. R. Civ. P. 42(a), and Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel (the "Motion"), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), all papers in support thereof and in opposition thereto, oral argument, if any, and good cause appearing therefore, the Court hereby ORDERS as follows:

## I. CONSOLIDATION OF THE RELATED ACTIONS

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the following actions are hereby consolidated for all purposes:

| Case Caption | Docket No. | Filing Date |
|---|---|---|
| *Karp v. First Connecticut Bancorp, Inc. et al* | 1:18-cv-02496-RDB | August 14, 2018 |
| *Lagace v. First Connecticut Bancorp, Inc. et al* | 1:18-cv-02541-RDB | August 17, 2018 |

2. These actions shall be referred to herein collectively as the "Consolidated Action." This Order shall apply to the Consolidated Action and to each case that is subsequently filed in this Court or transferred to this Court that relates to the same subject matter as the Consolidated Action.

3. Every pleading filed in the Consolidated Action shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE FIRST CONNECTICUT BANCORP, INC. | Case No. 1:18-cv-02496<br><br>CLASS ACTION<br><br>CONSOLIDATED SHAREHOLDER LITIGATION |

4. A Master Docket and Master File shall be established for the Consolidated Action. The Master File shall be Case No. 1:18-cv-02496. The docket in the other action shall be administratively closed. When the document being filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This Document Relates To:" in the caption. When a pleading applies only to some, but not all, of the actions, the document shall list, immediately after the phrase "This Document Relates To:", the docket number for each individual action to which the document applies, along with the last name of the first-listed plaintiff in that action.

## II. APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL

5. Karp has moved this Court to be appointed as Lead Plaintiff in the Consolidated Action and to approve the counsel he retained to be Lead Counsel.

6. Having considered the provisions of Section 21D(a)(3)(B), 15 U.S.C. § 78u-4(a)(3)(B), the Court hereby concludes that Karp is the most adequate plaintiff and satisfies the requirements of the PSLRA. Thus, the Court hereby appoints Karp as Lead Plaintiff to represent the interests of the putative class.

7. Pursuant to Section 21D(a)(3)(B)(v) of the PSLRA, 15 U.S.C. §78u-4(a)(3)(B)(v), Karp has selected and retained the law firm of Monteverde & Associates PC to serve as Lead Counsel. The Court hereby approves Karp's selection of Lead Counsel for the Consolidated Action.

8. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel designated by Lead Counsel:

   a. to coordinate the briefing and argument of any and all motions;

b. to coordinate the conduct of any and all discovery proceedings;

c. to coordinate the examination of any and all witnesses in deposition;

d. to coordinate the selection of counsel to act as spokesperson at all pretrial conferences;

e. to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

f. to coordinate all settlement negotiations with counsel for defendants;

g. to coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required;

h. to coordinate the preparation and filing of all pleadings; and

i. to supervise all other matters concerning the prosecution or resolution of the Consolidated Action.

9. No motion, discovery request, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations shall be conducted without the approval of Lead Counsel.

10. Service upon any plaintiff of all pleadings in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiff, shall be completed upon service of Lead Counsel.

11. Lead Counsel shall be the contact between plaintiffs' counsel and defendants' counsel, shall serve as the spokespersons for plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel. Lead Counsel shall act as the liaison between the Court and plaintiffs and their counsel.

## III. NEWLY FILED OR TRANSFERRED ACTIONS

12. When a case that arises out of the subject matter of this action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

    a. file a copy of this Order in the separate file for such action;

    b. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

    c. make the appropriate entry on the docket for this action.

13. Each new case that arises out of the subject matter of the action that is filed in this Court or transferred to this Court shall be consolidated with the Consolidated Action and this Order shall apply thereto, unless a party object to this Order or any provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

14. During the pendency of this litigation, or until order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or which may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

DATED: _____          _____
                                   THE HONORABLE RICHARD D. BENNETT
                                   UNITED STATES DISTRICT JUDGE